Mr. Justice SWAYNE
delivered the opinion of the court.
The determination of the case depends upon the solution of the question whether the complainant has shown himself entitled to an equitable lien upon the fund, to which the controversy relates.
The instrument executed by Goodrich, the master of The Caspian, to Zimmerman, Erazier & Co., we think it quite clear, contemplated only judicial proceedings, and the disposition of the vessel, after those proceedings were successful. Zimmerman, Erazier & Co., in substituting the complainant in their place, did not attempt to give, nor could they have given, any greater authority than they themselves were clothed with. The acquiescence of the owners whose rights are here in question may be properly held to have ratified the acts of Goodrich in their behalf, but it cannot be held to enlarge the powers conferred by the instrument which he executed, beyond what is expressed, and the objects in the minds of the parties at the time of the transaction.
The services of the complainant in bringing into activity the diplomatic agencies of the United States, and otherwise, at Rio, and subsequently in prosecuting the claim in this city, were outside of his original authority. Nevertheless they were beneficial to the claimants, and the approval of the defendants may be fairly implied from their silence and inac *22 tion. When the defendant, Ellison, interposed, the fruit was ripe and ready to fall into the hands of those entitled to receive it. We regard the ease as a proper one for compensation, and in an action at law the complainant could hardly fail to recover.
But this is a suit in equity. The rules of equity are as fixed as those of law, and this court can no more depart from the former than the latter. Unless the complainant has shown a right to relief in equity, however clear his rights at law, he can have no redress in this proceeding. In such eases, the adverse party has a constitutional right to a trial by jury. The objection is one, which though not raised by the pleadings nor suggested by counsel, this court is bound to recognize and enforce.*
The evidence in the case is wholly silent as to any agreement touching the compensation of the complainant. It is nowhere intimated what he was to receive, or when or how he was to be paid. No established usage is shown. The matter seems to have been left to rest upon the principle of quantum meruit, and to be settled by the agreement of the parties when the business was brought to a close. The doctrine of equitable assignments is a comprehensive one, but it is not broad enough to include this ease. It is indispensable to a lien thus created, that there should be a distinct appropriation of the fund by the debtor, and an agreement that the creditor should be paid out of it.† This ease is wholly wanting in these elements.
Decree affirmed with costs.

 Hipp et al. v. Babin et al., 19 Howard, 278; Parker v. Winnipiseogea Company, 2 Black, 551.

 Morton v. Naylor, 1 Hill, 588; Hoyt v. Story, 3 Barbour, S. C., 262; Burn v. Carvalho, 4 Mylne & Craig, 690; Watson v. The Duke of Wellington, 1 Russell & Mylne, 602.